**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN**

ASHLEY KAHN,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.

Case No:

Hon.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Ashley Kahn (hereinafter "Kahn"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Ashley Kahn is a resident of the City of Westland, County of Oakland and State of Michigan.

2.    Defendant, Blue Cross Blue Shield of Michigan (hereinafter "BCBS") is a life and health insurer, whose Resident Agent is Laurine Symula Parmely and

whose registered office address is 600 East Lafayette Blvd., Mail Code 1929, Detroit, Michigan 48226 and is duly authorized to do business in the County of Wayne and State of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment due to Plaintiff's sex, pregnancy, disability, consisting of sexual harassment and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.*, the Pregnancy Discrimination Act, Title VII and the Americans with Disabilities Act ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Ashley Kahn became a full-time employee of BCBS in March 2017 and is currently employed as a Team Lead 1.

8. Since working at BCBS first as a contractor and then as an employee everything was going well until shortly after Labor Day, 2018 when she told her supervisor she was pregnant.

9. After telling her supervisor she was pregnant, Plaintiff's supervisor has harassed and discriminated against Plaintiff by creating performance issue that were not there.

10. As a result of the pregnancy, Plaintiff suffered from hyperemesis gravidarum a disability which causes uncontrollable vomiting throughout the day.

11. Plaintiff requested a reasonable accommodation that she be permitted to work from home when she had symptoms of the disability.

12. Since learning Plaintiff was pregnant, her supervisor has become verbally abusive toward her and refused to accommodate Plaintiff for her disability, despite allowing other employees at her level to work from home.

13. Plaintiff's supervisor also retaliated against her for using FMLA leave. After Plaintiff was approved for FMLA, her supervisor treated her differently and made her use FMLA leave or PTO when under 4 hours absent while other employees were allowed to use Casual Time Off ("CTO").

14. Plaintiff had previously used CTO before she was pregnant without issue.

15. Hyperemesis gravidarum is a disability that substantially interferes with

3

major life activities covered by the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* and the ADA.

16. While Plaintiff's pregnancy is not a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* or ADA, hyperemesis gravidarum is a disability which requires reasonable accommodations, by allowing Plaintiff to work from home from time to time

17. Defendant refused to provide Plaintiff with reasonable accommodations despite allowing similarly situated co-workers who were not disabled to work from home.

18. Plaintiff was denied reasonable accommodations as required by the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*., the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, the Pregnancy Discrimination Act, Title VII and the Americans with Disabilities Act ("ADA"), despite exhausting the chain of command.

19. During the time period in question, Defendant was Plaintiff's employer and Plaintiff is its employee within the meaning of the United States Constitution, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Title VII of Civil Rights Act of 1964, the Pregnancy Discrimination Act and the Americans with Disabilities Act.

20. Defendant BCBS is responsible for all acts committed by their agents, representatives and employees within the scope of their employment.

21. At all times relevant, Plaintiff was acting as an employee of BCBS.

22. Defendant, through its agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of her sex, pregnancy and disability in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq*., Title VII of Civil Rights Act of 1964, the Pregnancy Discrimination Act and the Americans with Disabilities Act and acted in accordance with that predisposition.

23. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

24. On March 16, 2020 the EEOC issued a Right to Sue letter.

## COUNT I
## SEX HARASSMENT/DISCRIMINATION

25. Plaintiff incorporates by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex.

27. Pregnancy is a characteristic of sex and included in Plaintiff's protection from sex harassment/discrimination under Title VII, Michigan law and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

28. Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and her complaints of sex discrimination/harassment regarding the way she was being treated as a pregnant woman.

29. Defendant, Blue Cross Blue Shield of Michigan is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

30. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendant its employees and agents to the point where her status as an employee has been detrimentally affected.

31. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees, as well as punitive damages under Title VII for Defendant's malicious and reckless discrimination.

32. Defendant and its agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

   b. Retaliating against employees who make complaints of

       discrimination and harassment; and

      c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

33. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

34. Defendant, BCBS, breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

      a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

      b. Taking adverse employment action against Plaintiff due to her sex; and

      c. Retaliating against Plaintiff for her complaints of sexual harassment.

35. As a direct and proximate result of the actions of the Defendant, BCBS Plaintiff was the subject of discriminatory conduct on the part of the Defendant.

36. Because of the unlawful conduct of Defendant, BCBS, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest

and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

37. Plaintiff incorporates by reference Paragraphs 1 through 36 above as though more fully set forth herein.

38. Plaintiff suffers from Hyperemesis gravidarum, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

39. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

40. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate her.

41. Defendant is an employer within the meaning of the PWDCRA Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant.

42. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

43. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

   d. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

44. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

45. As a direct and proximate result of Defendants' harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

   a. Economic damages;

   b. Mental anguish;

   c. Fright;

    d. Shock;

    e. Embarrassment;

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF AMERICAN WITH DISABILITIES ACT OF 1990

46. Plaintiff incorporates by reference Paragraphs 1 through 45 above as though more fully set forth herein

47. Plaintiff suffers from hyperemesis gravidarum, a disability under The Americans with Disabilities Act of 1990 ("ADA").

48. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

49. Plaintiff's disability was a factor in Defendant HFHS's employment decisions, including, but not limited to refusing to accommodate her.

50. Defendant is an employer within the meaning of the ADA.

51. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant.

52. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

53. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by suspending Plaintiff based exclusively upon her disability;

   b. Failing to refrain from imposing discipline based on Plaintiff's disability;

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

   d. Preventing Plaintiff from having full and fair opportunities to advance in her positions based upon her disability.

54. Defendant HFHS owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

55. As a direct and proximate result of Defendants' harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

   a. Economic damages;

   b. Wage loss;

   c. Mental anguish;

   d. Fright;

   e. Shock;

   f. Embarrassment;

   g. Outrage;

   h. Anxiety;

   i. Emotional distress;

   j. Loss of self-esteem; and

   k. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, punitive damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
   SCOTT P. BATEY (P54711)
   Attorney for Plaintiff
   30200 Telegraph Road, Suite 400
   Bingham Farms, Michigan 48025
   (248) 540-6800-telephone
   (248) 540-6814-fax
   sbatey@bateylaw.com

Dated: June 9, 2020

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Ashley Kahn, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
   SCOTT P. BATEY (P54711)
   Attorney for Plaintiff
   30200 Telegraph Road, Suite 400
   Bingham Farms, Michigan 48025
   (248) 540-6800-telephone
   (248) 540-6814-fax
   sbatey@bateylaw.com

Dated: June 9, 2020